[No. 16332. Department One. July 22, 1921.]

## ADA McCARTHY, *Respondent,* v. HARRY OSCAR McCARTHY, *Appellant.*[1]

DIVORCE (36)—EVIDENCE—CRUEL TREATMENT. A husband's false accusations and charges against the chastity of his wife, made at various times and places and in the hearing of others, entitles her to a divorce on the ground of cruel treatment.

WITNESSES (55)—COMPETENCY—INFORMATION ACQUIRED BY PHYSICIAN—PERSONS ENTITLED TO OBJECT. Testimony by the family physician of parties to a divorce action that the husband had inquired of him what his physical examination of the wife had indicated with respect to her chastity was not a privileged communication so far as the husband was concerned, and was properly admissible in evidence against him.

Appeal from a judgment of the superior court for King county, Allen, J., entered October 13, 1920, upon findings in favor of the plaintiff, in an action for divorce, tried to the court. Affirmed.

*James R. Chambers,* for appellant.

*Winter S. Martin* and *Ralph H. Higgins,* for respondent.

[1]Reported in 199 Pac. 733.

BRIDGES, J.—The defendant has appealed from a decree granting the plaintiff a divorce, and awarding her certain property. The chief ground upon which the appellant seeks reversal is that the testimony was insufficient upon which to base the decree appealed from. It would not serve any useful purpose to recite in detail the facts as shown by the testimony; suffice it to say, that we have very carefully read all the testimony as it is contained in the statement of facts. The parties intermarried in the year 1914; there is no issue of the marriage; the only property involved is that of the community and of relatively small value. It appears that during the earlier years of their marriage, the parties lived together with a reasonable degree of harmony, but in later years they have had constant bickerings, quarrels, and unfriendly relationship. At one time the appellant temporarily left the respondent; at another time the respondent left the appellant, and they lived apart for some time. A reconciliation did not last longer than a week or two, when they again separated.

The most serious testimony is the alleged expressions of the appellant concerning the good character of his wife. There is testimony tending to show that on various occasions and to various persons, appellant, either directly or by insinuations and indirectly, questioned her chastity. There is also testimony to show that at times he called her unbecoming names, and applied to her opprobrious epithets, and that on one or two occasions he struck her. It is true appellant stoutly denied all these accusations, and we are frank to concede that his denials have considerably impressed us. Yet we must remember that the trial court had the witnesses before him and was in very much better position than we to judge of their veracity. That court, apparently, did not consider the quarrels and bicker-

ings between the parties as, in themselves, sufficient for a divorce, and in that regard we agree with him. He seems to have granted the divorce largely because of the testimony to the effect that the appellant had openly and covertly questioned the purity of respondent. We are not satisfied from the record that he was not guilty of these charges, and being in that frame of mind, we feel strongly disposed to follow the interpretation of the testimony made by the trial court. It found as a fact "that defendant made false accusations and charges against plaintiff's character at various times and places and in the hearing of others, and has falsely charged plaintiff with numerous acts of misconduct." If this finding is correct (and we are not disposed to interfere with it), it must follow that appellant has been guilty of such cruel treatment as to entitle respondent to a divorce.

The respondent introduced the testimony of the family physician to the effect that the appellant had inquired of him concerning respondent's chastity, and as to what the physical examination made by the witness of the respondent indicated in that respect. To this testimony the appellant objected on the ground that it was privileged and within the statute. Appellant does not cite any authorities in support of his argument, nor do we believe there are any. The wife might have claimed the privilege under the statute, but she alone could do it, and she having waived it, the respondent cannot claim it. In any event, this feature of the case is unimportant because the trial court more than once announced that he placed very little importance on that testimony.

The judgment is affirmed.

PARKER, C. J., MACKINTOSH, FULLERTON, and HOLCOMB, JJ., concur.